IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY DARNELL GLADFELTER, <br><br> Petitioner, <br><br> vs. <br><br> M. FOX HALL, Dr.; <br><br> Respondent. | 8:18CV262 <br><br> **MEMORANDUM AND ORDER** |

Petitioner Larry Darnell Gladfelter, a prisoner currently incarcerated at the Douglas County Correctional Center and subject to a federal detainer, has brought a habeas corpus action pursuant to 28 U.S.C. § 2241. ([Filing No. 1](#).) Gladfelter filed another, almost identical § 2241 petition in Case Number 8:18CV306, which I dismissed without prejudice. (*See* Filing Nos. [9](#), [10](#), Case No. 8:18CV306.) After initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*,[1] I also will dismiss this 28 U.S.C. § 2241 petition without prejudice.

Gladfelter is awaiting a hearing on a second amended petition for an offender under supervision in this court in case number 8:97-cr-00129. Allegation four of the second amended petition ([filing no. 113](#), Case No. 8:97-cr-00129) alleges he violated state law by committing Strangulation, a Class IIIA Felony. The state case is pending in Douglas County, Nebraska.

When summarized and condensed for clarity, Gladfelter raises the same claim as in 8:18CV306; namely, he asserts that his rights under the Double Jeopardy Clause are being violated because he faces revocation of supervised

---

[1] Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

release in the federal case based upon the same conduct for which he is facing state prosecution. As I concluded in 8:18CV306, Gladfelter has failed to state a cognizable claim for relief because the Double Jeopardy Clause does not apply in this situation. *See, e.g.*, *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995) (Double Jeopardy Clause does not preclude criminal prosecution for conduct which also serves as the basis for supervised release revocation).

Although Gladfelter sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus ([filing no. 1](filing no. 1)) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

Dated this 3rd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge